Clifford Tucker, Esq.
Sacco & Fillas, LLP
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
Tel: 718-269-2243
Email: CTucker@SaccoFillas.com
Attorneys for Plaintiffs ENERIA RODRIGUEZ
and JOSE RAMON FRANCO ORTIZ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ, *on behalf of themselves and all other persons similarly situated*, <br><br> Plaintiffs, <br><br> -against- <br><br> CARIDAD SEA FOOD RESTAURANT CORP, EL NUEVO VALLE SEAFOOD RESTAURANT CORP, 231 EL VALLE SEAFOOD CORP., and JOSEAN C MENDEZ VALDEZ (AKA CARLOS MENDEZ), <br><br> Defendants. | Case No. <br><br> **COMPLAINT** <br><br> **FLSA COLLECTIVE ACTION** |

Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ ("plaintiffs"), on behalf of themselves and all others similarly situated, by her attorneys Sacco & Fillas, LLP, complaining of defendants CARIDAD SEA FOOD RESTAURANT CORP, EL NUEVO VALLE SEAFOOD RESTAURANT CORP, 231 EL VALLE SEAFOOD CORP., and JOSEAN C MENDEZ VALDEZ (AKA CARLOS MENDEZ) (collectively referred to herein as "defendants"), allege as follows:

## NATURE OF THE ACTION

1. For over six years, ENERIA RODRIGUEZ, was employed as a cook at Defendants'

1

restaurants at 231 Sherman Ave., Store #1, New York, NY 10034 and 410 E. Tremont Avenue, Bronx, New York 10457 under the names "El nuevo valle seafood Restaurant" and "Caridad," respectively (collectively "subject restaurants"). She worked up to seventy hours per week. Throughout her employment, Plaintiff ENERIA RODRIGUEZ did not receive the statutory minimum wage, overtime pay for hours worked over forty per week, or spread-of-hours pay. Additionally, Plaintiff ENERIA RODRIGUEZ did not receive wage notices, or wage statements at the end of each pay period.

2.   Similarly, for over six years, Plaintiff JOSE RAMON FRANCO ORTIZ, was employed as a cook at Defendants' restaurant at 231 Sherman Ave., Store #1, New York, NY 10034 under the name "El nuevo valle seafood Restaurant."

3.   Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ bring this action on behalf of themselves and all other similarly situated non-exempt workers, seeking injunctive and declaratory relief against Defendants' unlawful actions and to recover unpaid minimum and overtime wages, spread-of-hours pay, statutory damages, pre- and post-judgment interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the New York Labor Law § 190, et seq. ("NYLL"). and the New York Wage Theft Prevention Act ("WTPA").

## JURISDICTION

4.   This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff ENERIA RODRIGUEZ's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

5.   Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because the Tropical Restaurants are located within the Eastern District of New York.

## THE PARTIES

### *Plaintiff ENERIA RODRIGUEZ*

6.  Plaintiff ENERIA RODRIGUEZ resides in Bronx, New York.

7.  Defendants employed Plaintiff ENERIA RODRIGUEZ as a cook from approximately February 2016 until approximately July 6, 2020.

8.  Plaintiff ENERIA RODRIGUEZ worked at the Caridad location from approximately February 2016 until approximately summer of 2018.

9.  Plaintiff ENERIA RODRIGUEZ worked at the El nuevo valle seafood Restaurant location from approximately summer of 2018 until approximately July 6, 2020.

10. Throughout her employment with Defendants, Plaintiff ENERIA RODRIGUEZ's work duties included cooking and preparing food.

11. Throughout his employment, Plaintiff ENERIA RODRIGUEZ was an employee within the meaning of the FLSA and NYLL.

### *Plaintiff JOSE RAMON FRANCO ORTIZ*

12. Plaintiff JOSE RAMON FRANCO ORTIZ resides in the County and State of New York.

13. Defendants employed Plaintiff JOSE RAMON FRANCO ORTIZ as a cook from approximately September 2014 to the present.

14. Plaintiff JOSE RAMON FRANCO ORTIZ worked at the El nuevo valle seafood Restaurant location during his employment under Defendants.

15. Throughout his employment with Defendants, Plaintiff JOSE RAMON FRANCO ORTIZ's work duties included cooking and preparing food.

16. Throughout his employment, Plaintiff JOSE RAMON FRANCO ORTIZ was an employee within the meeting of the FLSA and NYLL.

**Defendant CARIDAD SEA FOOD RESTAURANT CORP**

17. Defendant CARIDAD SEA FOOD RESTAURANT CORP is a New York corporation that owns, operates, and does business as seafood restaurant, located at 410 E Tremont Ave, Bronx, NY 10457.

18. Defendant CARIDAD SEA FOOD RESTAURANT CORP is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

19. Defendant CARIDAD SEA FOOD RESTAURANT CORP has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

20. In the three years preceding the filing of this Complaint, CARIDAD SEA FOOD RESTAURANT CORP has had an annual gross volume of sales in excess of $500,000.

**Defendant EL NUEVO VALLE SEAFOOD RESTAURANT CORP**

21. Defendant EL NUEVO VALLE SEAFOOD RESTAURANT CORP is a New York corporation that owns, operates, and does business as seafood restaurant, an Ecuadorian restaurant located at 231 Sherman Ave, New York, NY 10034.

22. Defendant EL NUEVO VALLE SEAFOOD RESTAURANT CORP is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

23. Defendant EL NUEVO VALLE SEAFOOD RESTAURANT CORP has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

24. In the three years preceding the filing of this Complaint, EL NUEVO VALLE SEAFOOD RESTAURANT CORP has had an annual gross volume of sales in excess of $500,000.

### *Defendant 231 EL VALLE SEAFOOD CORP.*

25. Defendant 231 EL VALLE SEAFOOD CORP is a New York corporation that owns, operates, and does business as seafood restaurant, an Ecuadorian restaurant located at 231 Sherman Ave, New York, NY 10034.

26. Defendant 231 EL VALLE SEAFOOD CORP is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

27. Defendant 231 EL VALLE SEAFOOD CORP has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

28. In the three years preceding the filing of this Complaint, 231 EL VALLE SEAFOOD CORP has had an annual gross volume of sales more than $500,000.

### *Defendant JOSEAN C MENDEZ VALDEZ (AKA CARLOS MENDEZ)*

29. Defendant JOSEAN C MENDEZ VALDEZ (AKA CARLOS MENDEZ) is the president of 231 EL VALLE SEAFOOD CORP.

30. Defendant JOSEAN C MENDEZ VALDEZ (AKA CARLOS MENDEZ) is the Chief Executive Officer of Defendant EL NUEVO VALLE SEAFOOD RESTAURANT CORP.

31. Defendant JOSEAN C MENDEZ VALDEZ (AKA CARLOS MENDEZ) is the principal holding a liquor license for Defendant EL NUEVO VALLE SEAFOOD RESTAURANT CORP.

32. Defendant JOSEAN C MENDEZ VALDEZ (AKA CARLOS MENDEZ) owns, accesses, and/or operates the phone number 646-662-8068.

33. Defendant JOSEAN C MENDEZ VALDEZ (AKA CARLOS MENDEZ) maintains access and/or control over the business license for Defendant CARIDAD SEA FOOD RESTAURANT CORP.

34. Throughout Plaintiff ENERIA RODRIGUEZ's employment, Defendant JOSEAN C MENDEZ VALDEZ (AKA CARLOS MENDEZ) participated in the day-to-day operations of the subject restaurants.

35. Defendant JOSEAN C MENDEZ VALDEZ (AKA CARLOS MENDEZ) hired Plaintiff ENERIA RODRIGUEZ.

36. Defendant JOSEAN C MENDEZ VALDEZ (AKA CARLOS MENDEZ) ordered Plaintiff ENERIA RODRIGUEZ to change her work location from Caridad to the El Nueva restaurants.

37. Defendant JOSEAN C MENDEZ VALDEZ (AKA CARLOS MENDEZ) paid Plaintiff ENERIA RODRIGUEZ on a regular basis.

38. Defendant JOSEAN C MENDEZ VALDEZ (AKA CARLOS MENDEZ) set Plaintiff ENERIA RODRIGUEZ's hours.

39. Defendant JOSEAN C MENDEZ VALDEZ (AKA CARLOS MENDEZ) held himself out as the person who set Plaintiff ENERIA RODRIGUEZ's salary.

40. Defendant JOSEAN C MENDEZ VALDEZ (AKA CARLOS MENDEZ) supervised Plaintiff ENERIA RODRIGUEZ.

41. Defendant JOSEAN C MENDEZ VALDEZ (AKA CARLOS MENDEZ) maintained payroll records.

42. Defendant JOSEAN C MENDEZ VALDEZ (AKA CARLOS MENDEZ) had the power to hire and fire Plaintiff ENERIA RODRIGUEZ.

43. Defendant JOSEAN C MENDEZ VALDEZ (AKA CARLOS MENDEZ) set the subject restaurants' payroll policies, including the unlawful practices complained of herein.

44. Defendant JOSEAN C MENDEZ VALDEZ (AKA CARLOS MENDEZ) exercised sufficient control over Defendants' operations and Plaintiff ENERIA RODRIGUEZ's

employment to be considered her employer under the FLSA and NYLL.

45. Defendant JOSEAN C MENDEZ VALDEZ (AKA CARLOS MENDEZ) is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer, and/or agent of CARIDAD SEA FOOD RESTAURANT CORP. He exercises sufficient control over CARIDAD SEA FOOD RESTAURANT CORP's operations to be considered plaintiffs' employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees and established and exercised authority regarding the pay practices at CARIDAD SEA FOOD RESTAURANT CORP.

46. Defendant JOSEAN C MENDEZ VALDEZ (AKA CARLOS MENDEZ) is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer, and/or agent of 231 EL VALLE SEAFOOD CORP He exercises sufficient control over 231 EL VALLE SEAFOOD CORP operations to be considered plaintiffs' employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees and established and exercised authority regarding the pay practices at 231 EL VALLE SEAFOOD CORP.

47. Defendant JOSEAN C MENDEZ VALDEZ (AKA CARLOS MENDEZ) is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer, and/or agent of EL NUEVO VALLE SEAFOOD RESTAURANT CORP. He exercises sufficient control over EL NUEVO VALLE SEAFOOD RESTAURANT CORP operations to be considered plaintiffs' employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees and established and exercised authority regarding the pay practices at EL NUEVO VALLE SEAFOOD RESTAURANT CORP.

### Defendants Constituted Joint Employers

48. The Subject Restaurants have a high degree of interrelated and unified operations,

centralized control of labor relations, common control, common business purposes, interrelated business goals, and common ownership.

49. The Subject Restaurants regularly interchange and share employees, including Plaintiff ENERIA RODRIGUEZ.

50. The Subject Restaurants share a substantially identical online presence, https://www.grubhub.com/restaurant/caridad-seafood-restaurant-410-e-tremont-ave-bronx/791868 and https://www.grubhub.com/restaurant/el-valle-seafood-restaurant-231-sherman-ave-new-york/383356?utm_source=grubhub_iosapp&utm_medium=content_owned&utm_campaign=menu_share , which provides the same photographs, pricing, and information about the Subject Restaurants.

51. Plaintiff ENERIA RODRIGUEZ worked at the "Caridad" Restaurant at the start of her employment until approximately summer, 2018 when Defendants transferred her to the El nuevo valle seafood Restaurant.

52. Plaintiff ENERIA RODRIGUEZ served Defendants CARIDAD SEA FOOD RESTAURANT CORP, EL NUEVO VALLE SEAFOOD RESTAURANT CORP, and 231 EL VALLE SEAFOOD CORP., with a Notice of Intention to Enforce Shareholder Liability for Services Rendered, pursuant to Section 630 of the Business Corporation Law of New York, notifying them that Plaintiff ENERIA RODRIGUEZ intends to charge each of them jointly and severally for all debts due to her for unpaid wages.

### FACTUAL ALLEGATIONS

#### *Plaintiff ENERIA RODRIGUEZ*

53. From approximately February 2016 through July 6, 2020, Plaintiff ENERIA RODRIGUEZ regularly worked seven days per week from approximately 6:00 a.m. to

approximately 4:00 p.m., totaling approximately seventy (70) hours per week.

54. From approximately February 2016 through July 6, 2020, Plaintiff ENERIA RODRIGUEZ was paid $875 per week.

55. Plaintiff ENERIA RODRIGUEZ was paid her wages in cash.

56. Plaintiff ENERIA RODRIGUEZ was not paid spread-of-hours pay, an additional hour of wages at the full minimum wage rate on days that her shifts exceeded ten hours, as required by the NYLL.

57. Defendants did not furnish Plaintiff ENERIA RODRIGUEZ with wage statements with each payment of wages as required by the NYLL.

58. Defendants did not furnish Plaintiff ENERIA RODRIGUEZ with wage notices at her time of hiring or when his rates of pay changed that, *inter alia*, accurately reflected his rate or rates of pay and number of hours worked per week, as required by the NYLL.

### **Plaintiff Jose Ramon Franco Ortiz**

59. From approximately September 2014 to the present, Plaintiff JOSE RAMON FRANCO ORTIZ regularly worked seven days per week from approximately 5:00 to 6:00 a.m. to approximately 4:00 p.m., totaling approximately seventy (70) to seventy-seven (77) hours per week.

60. Defendants paid Plaintiff JOSE RAMON FRANCO ORTIZ approximately $100 to $120 per day.

61. Defendants paid Plaintiff JOSE RAMON FRANCO ORTIZ his wages in cash.

62. Plaintiff JOSE RAMON FRANCO ORTIZ was not paid spread-of-hours pay, an additional hour of wages at the full minimum wage rate on days that her shifts exceeded ten hours, as required by the NYLL.

63. Defendants did not furnish Plaintiff JOSE RAMON FRANCO ORTIZ with wage statements with each payment of wages as required by the NYLL.

64. Defendants did not furnish Plaintiff JOSE RAMON FRANCO ORTIZ with wage notices at his time of hiring or when his rates of pay changed that, inter alia, accurately reflected his rate or rates of pay and number of hours worked per week, as required by the NYLL.

## COLLECTIVE ACTION ALLEGATIONS

65. Plaintiff ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ brings the claims in this Complaint arising out of the FLSA on behalf of themselves and all similarly situated non-exempt workers who are current and former employees of Defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

66. The FLSA Collective consists of approximately thirty non-exempt workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them minimum and overtime wages.

67. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL. This pattern, practice, and/or policy includes, inter alia, the following:

   A. failing to keep accurate records of hours worked by the FLSA Collective as required by law;

   B. failing to pay the FLSA Collective minimum wage for their first forty hours of work per workweek; and,

   C. failing to pay the FLSA Collective overtime pay for all hours worked over forty per workweek.

68. Defendants have engaged in unlawful conduct by adhering to a corporate policy that minimizes labor costs by denying employees their compensation.

69. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the FLSA Collective.

70. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to the Subject Restaurants and are readily identifiable and locatable through its records. Those similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## **FIRST CLAIM**

### *(Fair Labor Standards Act – Unpaid Minimum Wage)*

71. Plaintiffs repeat and re-allege all foregoing paragraphs as if fully set forth herein.

72. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff ENERIA RODRIGUEZ and the FLSA Collective.

73. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff JOSE RAMON FRANCO ORTIZ and the FLSA Collective

74. The FLSA and NYLL require that employers pay employees a minimum wage for all hours worked weekly up to forty.

75. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, et seq. and the supporting federal regulations, apply to Defendants.

76. Defendants failed to pay Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ and the FLSA Collective the minimum wages to which they were entitled under the FLSA.

77. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO

11

ORTIZ and the FLSA Collective.

78. As a result of Defendants' willful violations of the FLSA, Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ and other non-exempt workers have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM

### (New York Labor Law – Unpaid Minimum Wage)

79. Plaintiffs repeat and re-allege all foregoing paragraphs as if fully set forth herein.

80. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") Regulations and employed Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ and other similarly situated non-exempt workers.

81. The NYLL and its supporting regulations require that employers pay employees at least the minimum wage for each hour worked up to forty per workweek.

82. The minimum wage provisions of Article 19 of the NYLL and the supporting NYDOL Regulations apply to Defendants.

83. Defendants failed to pay Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ and other similarly situated non-exempt workers the minimum wages to which they are entitled under the NYLL and its supporting NYDOL regulations.

84. Defendants willfully violated the NYLL by knowingly and intentionally failing to Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ and other similarly situated non-exempt workers minimum hourly wages.

85. As a result of Defendants' violations of the NYLL, Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ and other similarly situated non-exempt workers are entitled to recover unpaid minimum wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

## THIRD CLAIM

### *(Fair Labor Standards Act – Unpaid Overtime Wages)*

86. Plaintiffs repeat and re-allege all foregoing paragraphs as if fully set forth herein.

87. Defendants were employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ .

88. Defendants were required to pay Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ and the FLSA Collective one and one-half (1½) times their regular wage rate for all hours worked more than forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

89. Defendants failed to pay Plaintiff ENERIA RODRIGUEZ and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

90. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ and the FLSA Collective the proper overtime wage rate.

91. Due to Defendants' violations of the FLSA, Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## FOURTH CLAIM

### *(New York Labor Law – Unpaid Overtime Wages)*

92. Plaintiffs repeat and re-allege all foregoing paragraphs as if fully set forth herein.

93. Defendants were Plaintiffs ENERIA RODRIGUEZ's and JOSE RAMON FRANCO ORTIZ's employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations.

94. Under NYDOL regulations, including 12 N.Y.C.R.R. § 146-1.4, Defendants were required to pay Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ and other similarly situated non-exempt workers one and one-half (1 ½) times their regular rate of pay, which shall not be less than the minimum wage rate, for all hours worked in excess of forty per workweek.

95. Defendants failed to pay Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ and other similarly situated non-exempt workers the overtime wages to which they were entitled to under the NYLL and its supporting regulations.

96. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ and other similarly situated non-exempt workers overtime wages.

97. Due to Defendants' willful violations of the NYLL, Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ and other similarly situated non-exempt workers are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre-judgment and post-judgment interest.

## FIFTH CLAIM

### *(New York Labor Law – Spread of Hours Pay)*

98. Plaintiffs repeat and re-allege all foregoing paragraphs as if fully set forth herein.

99.     Defendants willfully failed to pay Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ and other similarly situated non-exempt workers additional compensation of one hour of pay at the basic minimum hourly wage rate for each day during which their shifts spread over more than ten hours.

100.    By Defendants' failure to pay Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ and other similarly situated non-exempt workers spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. § 146-1.6.

101.    Due to Defendants' willful violations of the NYLL, Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ and other similarly situated non-exempt workers are entitled to recover an amount prescribed by statue, reasonable attorneys' fees and pre- and post-judgment interest, and liquidated damages.

## SIXTH CLAIM

### *(NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)*

102.    Plaintiffs repeat and re-allege all foregoing paragraphs as if fully set forth herein.

103.    The NYLL and the WTPA require employers to provide employees with an accurate wage statement each time they are paid.

104.    Throughout Plaintiffs ENERIA RODRIGUEZ's and JOSE RAMON FRANCO ORTIZ's employment with Defendants, Defendants paid Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ and other similarly situated non-exempt workers without providing them a wage statement at the end of every pay period accurately listing, inter alia, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

105. Due to Defendants' violation of NYLL § 195(3), Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ and other similarly situated non-exempt workers are entitled to recover statutory damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 198(1-d).

## SEVENTH CLAIM

### *(NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices)*

106. Plaintiffs repeat and re-allege all foregoing paragraphs as if fully set forth herein.

107. The NYLL and the WTPA, as well as the NYLL's interpretive regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

108. Defendants failed to furnish Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ and other similarly situated non-exempt workers at the time of hiring, or whenever their rate of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

109. Due to Defendants' violation of NYLL § 195(1), Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ and other similarly situated non-exempt workers are entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

16

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs ENERIA RODRIGUEZ and JOSE RAMON FRANCO ORTIZ respectfully requests that this Court enter a judgment:

    A.  authorizing the issuance of notice at the earliest possible time to all potential FLSA Collective members, composed of other similarly situated non-exempt workers who were employed by Defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

    B.  declaring that Defendants have violated the minimum wage provisions of the NYLL and FLSA;

    C.  declaring that Defendants have violated the overtime wage provisions of the FLSA, the NYLL, and the NYDOL regulations;

    D.  declaring that Defendants violated the spread-of-hours pay provision of the NYLL and NYDOL Regulations;

    E.  declaring that Defendants violated the notice and record-keeping provisions of the NYLL and WTPA;

    F.  declaring that Defendants' violations of the FLSA and the NYLL were willful;

    G.  awarding damages for unpaid minimum and overtime wages;

    H.  awarding unpaid spread-of-hours pay;

    I.  awarding statutory damages as a result of Defendants' failure to furnish accurate wage statements pursuant to the NYLL and WTPA;

    J.  awarding liquidated damages in an amount equal to the total amount of wages found to be due pursuant to the FLSA and NYLL;

    K.  awarding pre-judgment and post-judgment interest under the NYLL;

L.  awarding reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL;

and

M.  awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff ENERIA RODRIGUEZ demands a trial by jury in this action.

Dated: New York, New York　　　　　　　Sacco & Fillas, LLP
　　　　　August 13, 2021

　　　　　　　　　　　　　　　　　　　　By:  */s/ Clifford Tucker*
　　　　　　　　　　　　　　　　　　　　　　Clifford Tucker, Esq.
　　　　　　　　　　　　　　　　　　　　　　31-19 Newtown Avenue
　　　　　　　　　　　　　　　　　　　　　　Seventh Floor
　　　　　　　　　　　　　　　　　　　　　　Astoria, New York 11102
　　　　　　　　　　　　　　　　　　　　　　Tel: 718-269-2243
　　　　　　　　　　　　　　　　　　　　　　Email: CTucker@SaccoFillas.com
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs ENERIA
　　　　　　　　　　　　　　　　　　　　　　RODRIGUEZ and JOSE FRANCO
　　　　　　　　　　　　　　　　　　　　　　RAMON ORTIZ

## CONSENT TO SUE

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to become a party plaintiff in an action to recover unpaid overtime, and other relief under the Fair Labor Standards Act. (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name/Nombre: _____Eneria Rodriguez_____

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/Firma: _*Eneria Rodriguez*_ Date/Fecha: ____8-11-____, 2021
ENERIA RODRIGUEZ

## CONSENT TO SUE

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to become a party plaintiff in an action to recover unpaid overtime, and other relief under the Fair Labor Standards Act. (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name/Nombre: _____ Jose Ramon Franco Ortiz

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/Firma: _____ Date/Fecha: 8-10_____, 2021
Jose Ramon Franco Ortiz