UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ENERIA RODRIGUEZ,

                Plaintiff,

-against-

CARIDAD SEA FOOD RESTAURANT CORP. et al.,

                Defendants.

21-cv-6849 (AS)

OPINION AND ORDER

---

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

Plaintiff Eneria Rodriguez has sued several corporate and individual defendants for violations of the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL). From February 2017 to April 2018, Rodriguez worked for Defendant 231 El Valle Seafood Corp. ("El Valle"). Dkt. 92 ¶ 1. During that time, El Valle was owned by Defendant Victoria Marine. Dkt. 102 ¶ 4. Defendant Carlos Mendez was a manager at El Valle, and Defendant Josean Mendez Valdez was a cashier. *Id.* ¶ 5. (The Court will refer to Carlos as "Mendez" and Josean as "Valdez.")

After Rodriguez worked at El Valle, the restaurant was shut down and the corporation was dissolved. *See id.* ¶¶ 3, 19; Dkt. 93-4. Defendant El Nuevo Valle Seafood Restaurant Corp. ("El Nuevo Valle") was incorporated in 2019. Dkt. 102 ¶ 15. It bought El Valle's assets and now operates at the same location. *Id.* ¶ 17. Valdez owns El Nuevo Valle, though Rodriguez disputes who controls it. *Id.* ¶ 16. Mendez is the vice president of El Nuevo Valle. *Id.* ¶ 18.

From April 2018 to July 2020, Rodriguez worked for Defendant Caridad Sea Food Restaurant Corp. Dkt. 92 ¶ 3. The parties dispute who owned Caridad as well as other details of its leadership. *See* Dkt. 102 ¶¶ 13–14. Defendant Jorge Rosario Quezada had some leadership position in Caridad. *Id.* Rodriguez says Mendez controlled all the restaurants. *See id.* ¶ 16.

Rodriguez has now moved for partial summary judgment on several different parts of her case. Dkt. 90. The Court grants the motion in part.

## LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if a reasonable jury could find for either side. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a fact is "material" if it could "affect the outcome." *Id.* The Court views the record "in the light most favorable to the non-movant." *Williams v. MTA Bus Co.*, 44 F.4th 115, 126 (2d Cir. 2022) (cleaned up). But if the non-movant will bear the burden

of proof on an issue at trial, it must point to some evidence supporting the "essential element[s]" of its position. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Under Local Civil Rule 56.1, each side must file a statement of undisputed facts. And under Local Civil Rule 56.1(c), "[e]ach numbered paragraph in the statement of material facts set forth … by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Here, Defendants' Rule 56.1 statement does not specifically respond to each paragraph in Rodriguez's statement.

Yet the proper remedy for that failure is within the Court's discretion. *Mamyrova v. Neighborhood Ass'n for Inter-Cultural Affs., Inc.*, 2024 WL 622106, at *3 (S.D.N.Y. Feb. 14, 2024) (collecting authority). Here, the Court takes the liberty of lining up Defendants' factual assertions with Rodriguez's. When Rodriguez's factual assertions are uncontradicted by Defendants' statement or their brief, the Court deems those facts admitted. *See T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009). Similarly, although Rodriguez filed a document responding to each of Defendants' statements, the Court deems Defendants' factual assertions admitted to the extent that Rodriguez didn't "specifically … controvert[]" any assertion. Local Civ. R. 56.1(c). Of course, all this is subject to the requirement that each assertion be supported by admissible evidence. *See* Fed. R. Civ. P. 56(c); Local Civ. R. 56.1(d).

While on the topic of procedure, the Court notes that party presentation was important on this motion. The parties were often talking past each other. One party "effectively concedes" the other party's "arguments by [its] failure to respond to them," and the Court applies that rule here. *Felske v. Hirschmann*, 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012); *see also Fuentes v. Schemmer*, 2023 WL 188739, at *14 (S.D.N.Y. Jan. 13, 2023); *Rosenberg v. LoanDepot, Inc.*, 2023 WL 1866871, at *4 n.3 (S.D.N.Y. Feb. 9, 2023).

The Court also declines to grant any of the relief obliquely requested in Defendants' opposition brief. As Rodriguez points out, the summary-judgment deadline was April 5, 2024. Dkt. 89. Only Plaintiff moved on that date. Defendant doesn't justify its out-of-time and out-of-turn requests in its brief. That said, Defendant does make some arguments to which Rodriguez has no good response. The Court points out many of these arguments below. None of these arguments is a death knell; they would just narrow the case to the key questions on which Rodriguez should be focusing anyway. But Rodriguez fights them nonetheless. Although the Court doesn't grant Defendants' quasi-motion, Rodriguez should consider whether she has viable arguments and credible evidence to convince a jury of each part of each claim against each Defendant. There is no shame—and often much to gain—in narrowing the case. To the extent that issues remain in the lead-up to trial, Defendants may re-air their arguments in the motions in limine, jury instructions, or as otherwise appropriate.

# DISCUSSION

## I. Rodriguez's employers

### A. Formal control

The FLSA and NYLL impose duties on "employer[s]." *See, e.g.*, 29 U.S.C. § 206. Rodriguez bears the burden to show an "employer-employee relationship with Defendants." *Alladin v. Paramount Mgmt., LLC*, 2013 WL 4526002, at *3 (S.D.N.Y. Aug. 27, 2013). She says the evidence establishes as a matter of law that all Defendants were her employers.

Under the FLSA, an employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). And to "employ" means "to suffer or permit to work." § 203(g). This language has been read "expansive[ly]." *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 69 (2d Cir. 2003). But "the overarching concern is whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (citations omitted).

Rodriguez focuses on the formal-control test, and Defendants don't propose a different one. This test asks "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) (citation omitted). The parties don't distinguish the standards under the FLSA and NYLL.

Defendants don't contest that Caridad, El Valle, Marine, Mendez, and Quezada were all Rodriguez's employers at one time or another. So the Court grants the motion with respect to those Defendants.[1] Defendants do argue that El Nuevo Valle and Valdez were never her employers. It is undisputed that Rodriguez didn't work at El Nuevo Valle. Dkt. 102 ¶ 19. But she says the Court should still find that El Nuevo Valle was her employer because it admitted as much in response to her requests for admission. That is, Defendants admitted that El Nuevo Valle had the power to hire and fire Rodriguez, supervised her, and controlled her work schedules. Dkt. 93-26 ¶¶ 15–18.

This puts the Court in an awkward spot. The admissions are binding unless the Court grants a motion to withdraw them. *See* Fed. R. Civ. P. 36(b). Defendants haven't made such a motion here. Yet even taking Defendants' admissions at face value, they have admitted only to certain factors. The ultimate inquiry is still "economic reality." And the economic reality here is that Rodriguez didn't work for El Nuevo Valle. Her real argument is that El Nuevo Valle is liable as a successor

---

[1] Defendants do note, seemingly just as a point of clarification, that Quezada's potential liability should be limited to Rodriguez's time at Caridad. Dkt. 96 at 22–23. Rodriguez responds that the Court should reject this "conclusory argument." Dkt. 101 at 10 n.2. Yet Rodriguez's opening brief reflected the same understanding that Quezada is responsible only for the Caridad-related claims, Dkt. 91 at 18, and Rodriguez cited no evidence suggesting that he is responsible for her time at El Valle. So Quezada's potential liability will be limited to Rodriguez's time at Caridad.

to El Valle, and that argument is addressed below. So this issue is at least subject to dispute, and the Court denies the motion.

The same goes for Valdez. While Rodriguez worked at El Valle, Valdez was a cashier. Rodriguez says that once one looks past the title, there is evidence of Valdez's control over her. But her record citations don't show any control. *See* Dkt. 102 ¶ 5. Again, the real argument is that Valdez should be liable as a successor because he's the owner of El Nuevo Valle. The Court denies the motion here too.

Lastly, Rodriguez requested summary judgment with respect to the fact that "Plaintiff's employment with Defendants covered the period of no less than approximately February 2017 to July 6, 2020." Dkt. 91 at 7. The discussion above addresses the "employment" and "Defendants" parts of this request. But it is undisputed that at least some Defendants employed Rodriguez from February 2017 to July 6, 2020, so this request is granted with respect to the dates. Dkt. 92 ¶¶ 1, 4.

### B. Successor liability

Rodriguez next argues that El Nuevo Valle should be held liable as El Valle's successor. There are two tests for successor liability: the common-law test and the substantial-continuity test. *See Battino v. Cornelia Fifth Ave., LLC*, 861 F. Supp. 2d 392, 400 (S.D.N.Y. 2012). Defendants don't contest that both tests could justify successor liability. But Rodriguez relies on the substantial-continuity test. It has nine factors:

> (1) whether the successor company had notice of the charge or pending lawsuit prior to acquiring the business or assets of the predecessor; (2) the ability of the predecessor to provide relief; (3) whether there has been a substantial continuity of business operations; (4) whether the new employer uses the same plant; (5) whether he uses the same or substantially the same work force; (6) whether he uses the same or substantially the same supervisory personnel; (7) whether the same jobs exist under substantially the same working conditions; (8) whether he uses the same machinery, equipment, and methods of production; and (9) whether he produces the same product.

*Id.* at 404 (citation omitted). Some courts group factors 3 through 9 under labels like "operation of the business," and the Court uses that shorthand here. *See id.* at 407.

There are genuine disputes here. First, El Nuevo Valle said it had no notice. Rodriguez counters that Mendez was the manager of both El Valle and El Nuevo Valle, so he knew what Rodriguez was being paid. But Rodriguez hasn't established that notice to Mendez can be imputed to El Nuevo Valle for this purpose. Rodriguez says Mendez is the real owner and controller behind all the restaurants, but that matter is disputed. Dkt. 102 ¶¶ 16–18. At least formally, Valdez is the one who bought El Nuevo Valle, and Rodriguez hasn't established that he had notice. *Id.*

Second, there is no evidence as to whether the predecessor can provide relief. Rodriguez argues that "[e]ven if the predecessor could theoretically provide relief, this is only one factor." Dkt. 102 at 9. But it is one of essentially three factors. Although Plaintiff has made a strong showing on the

4

continuity of business operations, disputes on notice and whether the predecessor could provide relief are enough to deny the motion and send this issue to the jury.

## II. Whether the restaurants are an "enterprise"

The FLSA protects, among others, "employees … employed in an enterprise engaged in commerce." 29 U.S.C. § 206(a). Among other requirements, an enterprise must have gross annual sales greater than $500,000. § 203(s)(1)(A)(ii). Rodriguez tries to meet this threshold by alleging that all the restaurants made up one enterprise. *See* § 203(r). "[T]he three main elements of the statutory definition of 'enterprise' [are] related activities, unified operation or common control, and common business purpose." *Brennan v. Arnheim & Neely, Inc.*, 410 U.S. 512, 518 (1973).

Before addressing these factors, Rodriguez's argument fails for 2018 as a matter of arithmetic. She says, "In 2018, Defendants' combined gross receipts exceeded $500,000, with $259,372 from [El Valle] and $229,115 from [Caridad]." Dkt. 91 at 28. But $259,372 + $229,115 = $488,487. And she hasn't presented any evidence of the restaurants' sales in 2017. As for 2020, Defendants don't contest that Caridad made more than $500,000 by itself that year. So the enterprise inquiry is relevant only to 2019, when Caridad made less than $500,000, but Caridad and El Nuevo Valle combined made more than $500,000. *See* Dkt. 92 ¶¶ 95–103.

Turning to the factors, there are genuine disputes of fact. Rodriguez's main evidence of common control and common business purpose is that Mendez is the true owner and controller of all the restaurants. As mentioned above, that fact is disputed. Although Rodriguez's argument is bolstered by the fact that both restaurants are owned by relatives of Mendez, that fact alone is not enough to dispel any genuine dispute. Similarly, Rodriguez has pointed to overlap between the restaurants (such as using the same pictures for menu items), but that overlap does not definitively establish that the restaurants are all one enterprise. Given the fact-intensive, multifactor balancing this test requires, the Court can't determine, at this stage, that the restaurants are one enterprise as a matter of law. So the motion is denied, and the question will go to the jury.

## III. Employment-records claims

Rodriguez next says she's entitled to a presumption at trial as to hours worked and wages paid because Defendants failed to keep adequate records. Although slightly different, both the FLSA and NYLL have such presumptions, which change the usual burden-shifting scheme when employers fail to keep "accurate and complete records." *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 497–98 (S.D.N.Y. 2017) (citation omitted) (explaining both burden-shifting schemes), *aff'd*, 752 F. App'x 33 (2d Cir. 2018).

Defendants say Rodriguez isn't entitled to any presumption because she once made contradictory statements about how many hours she worked and whether she was properly paid. Dkt. 96 at 24. That's irrelevant. Defendants haven't contested that they failed to keep adequate records. So Rodriguez is entitled to the presumption, which simply lessens her burden under the FLSA and shifts the burden to Defendants under the NYLL. *See id.* Defendants may use the supposedly contradictory statements to try to carry their burden.

Related to the recordkeeping issue, Rodriguez says Defendants never gave her wage notices and statements, as required under the NYLL. Defendants haven't responded to these arguments at all, so summary judgment is granted on these claims.

## IV. Damages

Rodriguez doesn't move for summary judgment on damages, but she does try to establish that she is entitled to liquidated damages, attorneys' fees and costs, and prejudgment interest. All these requests are premature. "At summary judgment, courts are loath[] to rule on a party's good-faith defense where a[n] FLSA violation has yet to be established." *Giallanzo v. City of New York*, 630 F. Supp. 3d 439, 462 (S.D.N.Y. 2022); *see also id.* (collecting cases). So too here. The Court will put the horse before the cart and wait for a violation before deciding whether any violation was willful.[2] The same goes for attorneys' fees and prejudgment interest. All the Court could say at this point is that it will apply the relevant statutes if Rodriguez prevails. Nothing is gained by (and the Court might well lack the power to issue) that kind of advisory order.

## CONCLUSION

For these reasons, Plaintiff's motion is GRANTED IN PART AND DENIED IN PART consistent with this opinion. The Clerk of Court is directed to close Dkt. 90.

By August 13, 2024, the parties shall meet, confer, and submit a letter listing their weeks of trial availability in September, October, and November 2024.

SO ORDERED.

Dated: August 5, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge

---

[2] Similarly, Defendants argue that some of Rodriguez's FLSA claims are barred by the statute of limitations. But the extent of the bar turns on willfulness. *See* 29 U.S.C. § 255(a). Plus, it's not clear that the FLSA's statute of limitations matters here. Even under the shorter, non-willful statute of limitations, the Court would have jurisdiction over some FLSA claims. With those claims, the Court would continue to exercise supplemental jurisdiction over the NYLL claims, which have a six-year statute of limitations. N.Y. Lab. Law § 663(3).