UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENERIA RODRIGUEZ,<br><br>       Plaintiff,<br><br>-against-<br><br>CARIDAD SEA FOOD RESTAURANT CORP., EL NUEVO VALLE SEAFOOD RESTAURANTCORP., 231 EL VALLE SEAFOOD CORP., JOSEAN C. MENDEZ VALDEZ, CARLOS MENDEZ, JORGE L. ROSARIO QUEZADA, and VICTORIA MARINE,,<br><br>       Defendant(s). | 21-cv-6849 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

 This action was brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, and the New York State Labor Law, N.Y. Lab. Law §§ 190 *et seq.*, §§ 650 *et seq.* The parties have advised the Court that they have reached a settlement. Dkt. 140. The settlement's key terms are a release by plaintiff Eneria Rodriguez of all wage-related claims against all defendants except 231 El Valle Seafood Corp. and Victoria Marine (hereafter "defendants") in exchange for a total payment of $200,000. Dkt. 140 at 2. $74,163.53 of this sum is attorneys' fees and costs. *Id.* The defendants will pay the settlement sum in forty monthly installments, with each installment totaling $5,000. *Id.* For the following reasons, the settlement is approved.

## LEGAL STANDARDS

 In *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Second Circuit "held that parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020).

 When evaluating the fairness of a settlement agreement, district courts consider the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). These factors include "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id.* at 335 (internal quotations omitted). "In addition, if attorneys'

fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher*, 948 F.3d at 600.

## DISCUSSION

The Court has reviewed the motion, settlement agreement, and damages calculations. The Court has considered the factors set forth in *Wolinsky* and determines that the settlement and attorney's fees and costs are fair and reasonable.

### I. Settlement

On the possible recovery, Rodriguez claims that defendants owe her $219,515.63 in unpaid wages and overtime. Dkt. 140 at 3. If Rodriguez succeeded on these claims, she could also claim "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). This brings the maximum FLSA recovery for Rodriguez to $439,031.26. This number does not include the damages to which Rodriguez would be entitled if she succeeded on her state-law claims. *See* Dkt. 140 at 3 (noting Rodriguez's maximum combined recovery for her state law claims would be $189,865.43).

Under the settlement agreement, Rodriguez would receive $125,836.47 over forty months. This is twenty percent of Rodriguez's estimated maximum recovery. That percentage is consistent with approved FLSA settlements in this Circuit. *See Zorn-Hill v. A2B Taxi LLC*, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (listing cases). And Rodriguez notes that the prospect of collecting a higher judgment is low, as "[d]efendants operate two local family-owned restaurants, which at one point were unable to reach the $500,000 gross income threshold without combining their incomes." Dkt. 140 at 3; *see also Mendez v. MCSS Rest. Corp.*, 2022 WL 3704591, at *6 (E.D.N.Y. Aug. 26, 2022) (approving settlement that reflected a "reasonable assessment of the weight of the risks that would be incurred by further litigating th[e] matter," including "[d]efendants' likely difficulty in paying a higher judgment"). Additionally, the parties "both avoid the incurrence of additional trial expenses and the serious risk that plaintiff[] face[s] in pursuing [her] claims at trial." *Kaloshi v. W. Vill. Oasis, Inc.*, 2024 WL 3227092, at *1 (S.D.N.Y. June 28, 2024).

Add to this that "the settlement was a product of litigation, where both sides were represented by counsel." *Meigel v. Flowers of the World, NYC, Inc.*, 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Id.* (quoting *Johnson v. Brennan*, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011)).

Finally, nothing suggests that the proposed settlement is tainted by "fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335. Indeed, the settlement is, in part, a product of a settlement conference held by the Court itself.

II. **Attorneys' Fees and Costs**

Rodriguez seeks $74,163.53 in attorneys' fees, of which $7,496.87 is for out-of-pocket costs incurred by counsel in connection with this action. Dkt. 140 at 4; *see also* Dkt. 140-3.

That represents around 37 percent of the net settlement amount. *See Beckert v. Ronirubinov*, 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015) ("[W]hen awarding attorneys' fees on a percentage-of-the-fund basis, the appropriate denominator is the total settlement net of costs."); *accord Morales v. MBG Taverns Inc.*, 2019 WL 13256262, at *1 (S.D.N.Y. June 24, 2019). The Court finds these fees to be reasonable.

First, courts in this Circuit have approved attorneys' fees that were similar proportions of the plaintiff's recovery. *See Uribe v. Presitge Car Care of NY Inc.*, 2023 WL 5917550, at *1 (S.D.N.Y. Aug. 9, 2023) (approving FLSA settlement where the plaintiff's counsel received 36% of the settlement funds); *Kassman v. KPMG LLP*, 2021 WL 1393296, at *4 (S.D.N.Y. Apr. 12, 2021) (approving FLSA settlement where the plaintiff's counsel received 35% of the settlement funds).

Second, the attorneys' fees are reasonable when compared to plaintiffs' counsel's incurred fees. Even when the proposed fees do not exceed an excessive percentage of the net settlement amount, "courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Santos v. YMY Mgmt. Corp.*, 2021 WL 431451, at *2 (S.D.N.Y. Feb. 8, 2021) (citation omitted). Plaintiffs' counsel submitted "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Wolinsky*, 900 F. Supp. 2d at 336. These records indicate that counsel incurred over $107,500 in legal fees and spent a total of 253.1 attorney and paralegal hours on this matter. The Court has reviewed counsel's billing records and, mindful that courts "need not, and indeed should not, become green-eyeshade accountants," does not believe that they reflect excessive work or staffing for a case of this kind and at this stage of the proceedings. *Fisher*, 948 F.3d at 601 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).

## CONCLUSION

For the above reasons, the Court approves the settlement and dismisses the claims against defendants Caridad Sea Food Restaurant Corp., El Nuevo Valle Seafood Restaurant Corp., Josean Mendez Valdez, Carlos Mendez, and Jorge Rosario Quezada with prejudice. By **January 8, 2025**, Rodriguez should advise the Court if she intends to initiate default judgment proceedings against 231 El Valle Seafood Corp. and Victoria Marine. The Clerk of Court is requested to terminate the motion at Dkt. 140.

SO ORDERED.

Dated: December 19, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge